**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4023**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

        v.

ISAAC EZELL JONES, a/k/a Ike,

    Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., Senior District Judge. (3:14-cr-00667-JFA-4)

Submitted:  December 20, 2016       Decided:  January 9, 2017

Before THACKER and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Leslie T. Sarji, SARJI LAW FIRM, LLC, Charleston, South Carolina, for Appellant. John David Rowell, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Isaac Ezell Jones pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine and 280 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2012). The district court imposed a variant sentence of 95 months' imprisonment. On appeal, Jones' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court made several errors in calculating Jones' Sentencing Guidelines range.

Following our review of the record, we ordered merits briefing, directing the parties to address whether the district court committed plain error in imposing a Guidelines enhancement for possession of a dangerous weapon, pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(b)(1). The Government now moves to dismiss the appeal pursuant to the appellate waiver provision in Jones' plea agreement. Jones opposes the motion. For the reasons that follow, we grant the Government's motion and dismiss the appeal.

We review de novo the issue of whether a defendant validly waived his right to appeal. United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013). Where, as here, the Government seeks to enforce the appeal waiver and has not breached the plea

2

agreement, we will enforce the waiver if it is valid and the issue being appealed falls within the waiver's scope. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

A defendant's waiver of appellate rights is valid if he entered it "knowingly and intelligently." United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). Generally, if the district court fully questions a defendant regarding the waiver provision during the Fed. R. Crim. P. 11 colloquy, the waiver is valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

In his plea agreement, Jones waived his right to appeal both his conviction and sentence, reserving only his right to raise certain postconviction claims of ineffective assistance of counsel and prosecutorial misconduct. The language of the waiver is clear and unambiguous, and our review of the record reveals that Jones understood its full significance. We therefore conclude that Jones' waiver is valid and enforceable.

Even "a defendant who waives his right to appeal does not subject himself to being sentenced entirely at the whim of the district court." United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). Thus, we will refuse to enforce a valid waiver to preclude review of "a few narrowly-construed errors" that fall automatically outside the scope of the waiver. Johnson, 410 F.3d at 151. This "narrow class of claims" includes "errors

that the defendant could not have reasonably contemplated when the plea agreement was executed." United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007) (internal quotation marks omitted). "[T]he type of 'illegal' sentence which a defendant can successfully challenge despite an appeal waiver involves fundamental issues, including claims that a district court exceeded its authority, premised its sentence on a constitutionally impermissible factor such as race, or violated the post-plea right to counsel." Copeland, 707 F.3d at 530 (alterations and internal quotation marks omitted); see United States v. Thornsbury, 670 F.3d 532, 537-40 (4th Cir. 2012) (discussing narrow class of unwaivable sentencing claims).

Jones attempts to characterize his appellate argument as a due process challenge that falls within the narrow class of unwaivable sentencing claims. However, his merits brief readily belies this argument. Our review of Jones' submissions leads us to conclude that Jones' challenge to the USSG § 2D1.1(b)(1) enhancement amounts to a garden-variety claim of procedural sentencing error falling squarely within the waiver's broad compass.

In accordance with Anders, we have reviewed the entire record in this case and have found no potentially meritorious issues that fall outside the scope of the appeal waiver. We

4

therefore grant the Government's motion and dismiss Jones' appeal.

This court requires that counsel inform Jones, in writing, of the right to petition the Supreme Court of the United States for further review. If Jones requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jones.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED